UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JOSEPH C. AUBERRY,                                                                 Plaintiff,

v.                                                        Civil Action No. 3:16-cv-P821-DJH

OFFICER JOHN HAGAN *et al.*,                                               Defendants.

\* \* \* \* \*

**<u>MEMORANDUM OPINION</u>**

Plaintiff Joseph C. Auberry filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the action.

**I.**

Plaintiff identifies himself as a convicted inmate at the Hardin County Detention Center (HCDC). He sues HCDC; Lt. Reynolds; Captain Highnote; Class D Coordinator Thresea Bailey; and Deputy Marks. He sues Reynolds, Highnote, Bailey, and Marks in their official capacities only.

As his statement of the claim, Plaintiff states, "I have claimed in the past 7 days at least 17 time I fear for my life in Hardin Co. I've requested to be shipped multiple times. Still no movement." He maintains that "[t]hey left me in lockdown for 3 day without a chower or hour out, or lawyer call." He also states, "They didn't do a medical intake for 7 seven day an wouldn't allowin a phone call for 6 days. [] They've ignored my request an forgot to feed me Monday the 2nd day of my arrest. (Lunch)."

Plaintiff further states that when he came into HCDC he told the nurse that he was "detoxing off of meth that I've been up for 3 weeks and I needed medical attention." He asserts

that "they stuck me in the hole an left me there ignoring my crys for help for 4 days." He also states, "When askin Dept. Marks for a writing utensil an a request form he stated, 'We don't give out pencils or pens to everyone anymore.' Which is an absolute lie. He didn't want to give me one cause he knew I was gonna file a greivness upon him." Also with regard to Deputy Marks, Plaintiff maintains, "When asking Dept. Marks for a lawyer call he stated, 'everyone gets one but Auberry.' I asked 'why?' he said nothing an left the room." Plaintiff also represents that when his request form was answered, "Cpt. Highnote wrote 'your fine an safe in this jail.'" He maintains, "After I stated I don't trust the guards an I have had a heart attack 3 week prior to my arrest an I'm stressed out at this jail, I guess he knows my safety better then I. Even though 5 of my forms were thrown away."

As relief, Plaintiff seeks punitive damages; injunctive relief in the form of "shipping me to another jail"; and requests that he "would like to add conflict of intrest on multiple guards."

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows

2

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Plaintiff sues HCDC and Reynolds, Highnote, Bailey, and Marks in their official capacities only. HCDC is not a "person" subject to suit under § 1983 because municipal

3

departments, such as jails, are not suable under § 1983. *Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983); *see also Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983). In this situation, Hardin County is the proper defendant. *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502. 503 (W.D. Ky. 1990). Further, Hardin County is a "person" for purposes of § 1983. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978). The Court therefore will construe the claim against HCDC as a claim brought against Hardin County.

Moreover, "[o]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell*, 436 U.S. at 690 n.55). Suing employees in their official capacities is the equivalent of suing their employer. *Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. at 503. Therefore, the Court construes Plaintiff's official-capacity claims against Reynolds, Highnote, Bailey, and Marks as brought against their employer, Hardin County.

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will first address the second issue, *i.e.*, whether the municipality is responsible for the alleged constitutional violation.

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional

deprivation.  *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).  To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy."  *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).  The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983."  *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff alleges that he was denied his requests for a transfer, a "lawyer call," and paper and pen; alleges that medical treatment was delayed; and complains about the conditions of his confinement.  However, he does not allege that the action or inaction of any Defendant occurred as a result of a policy or custom implemented or endorsed by Hardin County.  The complaint alleges isolated occurrences affecting only Plaintiff.  *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible.").  Accordingly, Plaintiff's claims against HCDC and his official-capacity claims against the other Defendants will be dismissed for failure to state a claim upon which relief may be granted.

The Court will enter a separate Order of dismissal consistent with this Memorandum Opinion.

Date: August 16, 2017

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
　　Defendants
　　Hardin County Attorney
4415.010